J-S22030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TROY L. ADAMS | |
| Appellant | No. 1221 MDA 2016 |

Appeal from the PCRA Order December 20, 2011
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006271-2010

BEFORE:  SHOGAN, J., MOULTON, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:                **FILED SEPTEMBER 28, 2017**

Troy L. Adams appeals from the December 20, 2011 order entered in the York County Court of Common Pleas dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  On appeal, counsel has filed a **Turner**/**Finley**[1] no-merit brief and a petition to withdraw as counsel.  We affirm and grant counsel's petition to withdraw.

The PCRA court set forth the history of this case[2] as follows:

### Guilty Plea and Sentencing

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (_en banc_).

[2] In 1998, Adams was convicted of statutory sexual assault, 18 Pa.C.S. § 3122.1.  When he was released from prison, he was required to register as a sex offender pursuant to Megan's Law.

In 2011, [Adams] pled guilty to Failure to Comply with [Megan's Law] Registration Requirements[3] in exchange for a sentence of five to ten years' incarceration. During the plea proceedings, [Adams] . . . said he was not satisfied with counsel's performance, because of "[j]ust normal things" and "[a]ll of the things that is going on." He also appeared hesitant at times. But he acknowledged counsel had consulted with him, and said more time to discuss the matter "[wa]s not going to help."

[3] 18 Pa.C.S.A. § 4915.1(a)(1).

After the Court balked at proceeding with "somebody who is not doing it voluntarily or . . . with a great deal of reluctance or hesitation," [Adams] insisted he wanted to go forward with the plea. The Court accepted the plea and sentenced [Adams] to the agreed term of five to ten years' incarceration.

### [*Adams'*] *Post-Sentence Letter*

Two days after the plea and sentencing, [Adams] sent a hand-written letter ("Letter") to the York County Clerk of Courts. In the letter, he asked to withdraw his plea and have new counsel appointed. He said his plea counsel "help[ed] the Commonwealth to hang [him] on this charge . . . ." No motion to withdraw [Adams'] plea was ever filed or adjudicated.

### *The Instant Petition and Hearing*

Later that year, [Adams] filed the instant PCRA petition, alleging plea counsel was ineffective for helping the Commonwealth "get the right charge" and failing to "clear [him] of the charges." He also alleged he had moved to withdraw his plea, "but nothing was done." The Court held a hearing on the petition on December 20, 2011. At the hearing, [Adams] and his plea counsel testified.

[Adams] testified he wished to withdraw his plea because of difficulties with registration and "interfere[nce] with [his] livelihood." He said he had sent a letter to the Court after sentencing, asking to withdraw his plea. He received a response from chambers, acknowledging receipt of the letter. He did not recall discussing the matter with plea counsel after that. He also complained that his plea

- 2 -

counsel "helped" the Commonwealth convict him by saying it had filed the wrong charge.

Plea counsel testified he met with [Adams] on three occasions before the plea[]. They reviewed discovery, discussed a possible defense, and considered the sentencing range for a conviction. He said he had [Adams'] permission to discuss an alternate charge with the Commonwealth, though the guidelines were the same for both. The Commonwealth made two offers, but [Adams] "was hesitant to plead guilty because he believed he was innocent . . . ."

Counsel reviewed [Adams'] plea colloquy; he said [Adams] filled it out and signed it. Counsel could not remember [Adams] having any questions about the colloquy, but said, "My standard practice always is to answer any questions."

The Court forwarded the Letter to counsel after the plea and sentencing. Shortly after counsel received it, he and [Adams] discussed it over the phone. According to counsel, [Adams] wanted a reduced sentence but decided not to withdraw his plea, "primarily because there wasn't a legal basis for it." Counsel would have filed a motion if [Adams] had asked or "not agreed that it was fine." But "he agreed to stay with that sentence," and counsel had not heard from him since that conversation.

The Court dismissed the [PCRA] petition on the same day as the hearing. The Court explained, "I'm hearing from [plea counsel] that once he was contacted by giving a copy of the letter that was forwarded to him, he did follow up with Mr. Adams. And after his discussion . . . Mr. Adams indicated that he did not wish to pursue or withdraw his plea." [Adams] did not appeal the dismissal at that time.

### *Events Culminating in The Instant Appeal*

[Adams] filed additional PCRA petitions in 2012, 2013, [and] 2015. In a petition from 2012 (the "2012 Petition"), [Adams] alleged his PCRA counsel was ineffective for failing to appeal the dismissal of the [2011 PCRA] petition. After protracted proceedings, including a remand, the Court ultimately reinstated [Adams'] appellate rights with

regard to the [2011 PCRA] petition on June 24, 2016. [Adams] timely filed his notice of appeal.

Opinion in Support of Order Pursuant to Rule 1925(a) of the Rules of Appellate Procedure, 10/21/16, at 2-5 ("1925(a) Op.") (citations omitted).

Before we may address the merits of Adams' appeal, we must determine whether his PCRA counsel has satisfied the requirements for withdrawal under **Turner**/**Finley**. Counsel must "file a 'no-merit' letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless." **Commonwealth v. Rykard**, 55 A.3d 1177, 1184 (Pa.Super. 2012). Counsel also must serve copies of the petition to withdraw and no-merit letter on the petitioner and advise the petitioner that he or she has the right to proceed *pro se* or with privately retained counsel. **Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa.Super. 2011).

In his petition to withdraw, PCRA counsel states that he conducted a "conscientious examination of the entire record, including all notes of testimony" and determined that an appeal would be meritless. Pet. to Withdraw, at ¶ 8. Further, counsel's **Turner**/**Finley** brief filed with this Court explains why the issue raised in the PCRA petition lacked merit. PCRA counsel also mailed a copy of the petition and brief to Adams and informed him that, if he wished to continue the appeal, Adams could retain new

counsel or proceed without counsel.[3]  *Id.* at ¶ 10.  We conclude that PCRA counsel has complied with the dictates of ***Turner***/***Finley***.  Therefore, we will address the issue raised in the ***Turner***/***Finley*** brief and in Adams' responses.

Counsel raises the following issue in the ***Turner***/***Finley*** brief: "Whether the trial court erred by denying [Adams'] PCRA petition as trial counsel was  ineffective for failing to petition the court to withdraw [Adams'] guilty plea."  ***Turner***/***Finley*** Br. at 4 (full capitalization omitted).  In his first *pro se* response, Adams raises the same issue as the ***Turner***/***Finley*** brief, arguing that he wanted to withdraw his plea because he is not guilty of the offense and because there is evidence that would clear him of all charges.[4]

_____

[3] In counsel's letter to Adams, counsel incorrectly advised Adams that "should the Court grant the petition to withdraw as counsel," Adams had the right to proceed *pro se* or retain new counsel.  Ltr. to Adams, 1/19/17, at 4. In light of counsel's incorrect advice, this Court entered an order on January 30, 2017 informing Adams that he had 30 days "to file a response to counsel's ***Turner***/***Finley*** 'no merit' brief, either *pro se* or via privately retained counsel."  Order, 1/30/17.  Adams filed two *pro se* responses.

[4] In Adams' second *pro se* response to the ***Turner***/***Finley*** brief, he claims that ***Commonwealth v. Muniz***, 164 A.3d 1189, (Pa. 2017), grants this Court the "authority to invalidate his conviction."  Adams' Resp., 8/16/17, at 2 (unpaginated).  We disagree.

In ***Muniz***, the Pennsylvania Supreme Court concluded that the registration provisions in the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.44, are punitive and, thus, retroactive application of SORNA's registration provisions violates the *ex post facto* clauses of the federal and Pennsylvania constitutions.  164 A.3d at 1193.

*(Footnote Continued Next Page)*

Our review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Melendez–Negron***, 123 A.3d 1087, 1090 (Pa.Super. 2015). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." ***Id.***

To prevail on an ineffective assistance of counsel claim, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa.Super. 2011). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." ***Id.*** "In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007).

*(Footnote Continued)* _____

SORNA, however, became effective on December 20, 2012. Because Adams was charged in 2010 and pled guilty in 2011 to failure to comply with pre-SORNA registration requirements, ***Muniz*** is inapplicable here.

The PCRA court found that:

> [Adams'] claim can be disposed of under the second prong where counsel had good reason not to file a motion to withdraw the plea. ***See Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009) ("A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness."). In fact, counsel explained that once he learned [Adams] had sent his Letter to the Court, he contacted [Adams] to find out whether a motion to withdraw his plea should be filed. And counsel said [Adams] complained about his sentence but decided not to withdraw his plea, "primarily because there wasn't a legal basis for it." Counsel would have filed a motion if [Adams] had asked or "not agreed that it was fine." But because [Adams] "agreed to stay with that sentence" and did not contact counsel again, counsel never moved to withdraw the plea.

> [Adams] claimed at the hearing that he did not remember speaking with counsel about withdrawing his plea. But counsel's detailed recollection of their conversation was far more credible, especially where the record shows the Court forwarded him the Letter. The Court relied on this recollection in dismissing [Adams'] petition.

> This is fatal to [Adams'] position, as counsel simply could not have been ineffective for acting in accord with [Adams'] wishes. ***See, e.g., Commonwealth v. Wilson***, 861 A.2[d] 919, 934-35 (Pa. 2004) ("[W]e conclude that [a]ppellant has not established that his counsel rendered ineffective assistance in following his wishes respecting the investigation and presentation of mitigation evidence."); ***see also Commonwealth v. Holloway***, 572 A.2d 687, 692 (Pa. 1990) ("Because the decision to limit testimonial evidence in aid of mitigation was at the request of appellant, trial counsel should not be deemed ineffective for respecting his client's wishes.").

> As such, there was a reasonable basis for counsel's decision to refrain from filing a motion to withdraw [Adams'] plea. Indeed, filing such a motion would have

> been *against* [Adams'] stated wishes. [Adams] therefore failed to establish ineffective assistance of counsel.

1925(a) Op. at 5-6 (some internal citations omitted; emphasis in original).

We agree with the PCRA court's determination that Adams failed to meet the reasonable basis prong. Because a petitioner must meet all three ineffectiveness prongs to succeed, *see Ousley*, 21 A.3d at 1244, Adams' ineffectiveness claim fails.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2017